UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
THEODORE ITZKOWITZ,                 :
                                    :
                Plaintiff,          :     Index No. 07 CV 3783 (JGK)
                                    :
        -against-                   :
                                    :
ISRAEL DISCOUNT BANK OF NEW YORK,   :
ISRAEL DISCOUNT BANK OF NEW YORK    :
SEVERANCE PLAN FOR SPECIFIED        :
EXECUTIVES, ISRAEL DISCOUNT BANK OF :
NEW YORK SEVERANCE PLAN, ISRAEL     :
DISCOUNT BANK OF NEW YORK DEFERRED  :
COMPENSATION PLAN, and PENSION PLAN :
FOR EMPLOYEES OF ISRAEL DISCOUNT    :
BANK OF NEW YORK,                   :
                                    :
                Defendants.         :
------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**




MINTZ LEVIN COHN FERRIS GLOVSKY and POPEO, P.C.
666 Third Avenue
New York, New York 10017
(212) 935-3000

Jennifer B. Rubin (JR 3321)
Michael S. Arnold (MA 8541)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS .........................................................................................................1

ARGUMENT..................................................................................................................................6

    A. Plaintiff's Fourth And Fifth Causes Of Action Are Moot Because Defendant Has Already Provided Plaintiff With The Relief He Seeks................................................ 6

    B. Plaintiff Has Failed to State Both a Contract Claim and a Wage Claim as a Matter of Law ................................................................................................................ 8

        1.    Plaintiff Cannot State a Claim for Breach of Contract to Pay a Discretionary Bonus..........................................................................................9

        2.    Plaintiff Cannot State a Claim under the New York Labor Law...........................10

CONCLUSION..............................................................................................................................12

# TABLE OF AUTHORITIES

**Federal Cases**

Air Line Pilots Ass'n v. UAL Corp.,
  897 F.2d 1394 (7th Cir. 1990) .................................................................................. 7

Bell v. Hood,
  327 U.S. 678 (1946) .................................................................................................. 6

Burton v. Bowen,
  815 F.2d 1239 (8th Cir. 1987) .................................................................................. 8

DeFunis v. Odegaard,
  416 U.S. 312 (1974) .................................................................................................. 7

First Nationwide Bank v. Gelt Funding Corp.,
  27 F.3d 763 (2d Cir. ), cert. denied, 513 U.S. 1079, 115 S. Ct. 728 (1994) .................. 11

Gleason v. U.S. Dep't of Homeland Security,
  No. 06 Civ. 13115DLC, 2007 WL 1597955 (S.D.N.Y. Jun. 1, 2007) .......................... 11

Goldman v. Belden,
  754 F.2d 1059 (2d Cir. 1985) .................................................................................... 9

Harrison v. Potter,
  323 F. Supp. 2d 593 (S.D.N.Y. 2004) ........................................................................ 2

Headen v. Sullivan,
  No. 91 CIV. 5817 (KMW), 1992 WL 471168 (S.D.N.Y. Sept. 8, 1992) ............... 6, 7, 8

Kamen v. AT&T,
  791 F.2d 1006 (2d Cir. 1986) .................................................................................... 2

Lopez v. Sullivan,
  882 F.2d 1533 (10th Cir. 1989) ................................................................................. 8

Monagale v. Scholastic, Inc.,
  2007 WL 766282 (S.D.N.Y. Mar. 9, 2007) .............................................................. 11

Morris v. Dapolito,
  297 F. Supp. 2d 680 (S.D.N.Y. 2004) ...................................................................... 11

Mosley v. Hairston,
  920 F.2d 409 (6th Cir. 1990) ..................................................................................... 7

Murphy v. Hunt,
  455 U.S. 478 (1982) .................................................................................................. 7

No. Civ. 06CV4206, 2007 WL 1378428 (S.D.N.Y. May 11, 2007) .................................. 9

North Carolina v. Rice,
 404 U.S. 244 (1971) .................................................................................................... 7

Powell v. McCormack,
 395 U.S. 486 (1969) .................................................................................................... 7

Rhulen Agency, Inc. v. Alabama Insurance Guaranty Ass'n,
 896 F.2d 674 (2d Cir. 1990) ....................................................................................... 6

Salamea v. Macy's East, Inc.,
 426 F. Supp. 2d 149 (S.D.N.Y. 2006) ........................................................................ 9

U.S. Parole Commission v. Geraghty,
 445 U.S. 388 (1980) .................................................................................................... 7

**Other**

Fed. R. Civ. P. 11 ................................................................................................................. 8

Fed. R. Civ. P. 12(b)(1) ......................................................................................... 1, 2, 6, 12

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 1, 2, 6, 12

Treasury Regulation § 1.40(a)(4)-5(b) ................................................................................ 4

2 Moore's Federal Practice § 12.34[1][b] ......................................................................... 11

**State Cases**

Brennan v. J.P. Morgan Securities, Inc.,
 No. 602720/03, 2004 WL 3314910 (N.Y. Sup. Ct. Aug. 31, 2004) ........................... 9

Carlson v. Katonah Capital, LLC,
 No. 602831/05, 2006 WL 273548 (N.Y. Sup. Ct. Jan. 27, 2006) ............................. 10

Clark v. Bank of New York,
 185 A.D.2d 138 (N.Y. App. Div. 1992) ..................................................................... 9

Gottlieb v. Kenneth D. Laub & Co., Inc.,
 82 N.Y.2d 457, 626 N.E.2d 29, 605 N.Y.S.2d 213 (1993) ....................................... 11

Kaplan v. Capital Co. of Am. LLC,
 298 A.D.2d 110 (N.Y. App. Div. 2002) ................................................................... 10

Tierney v. Capricorn Investors, L.P.,
 189 A.D.2d 629 (N.Y. App. Div. 1993) ............................................................... 9, 10

Truelove v. Northeast Capital & Advisory, Inc.,
   95 N.Y.2d 220, 738 N.E.2d 770, 715 N.Y.S.2d 366 (2000) .......................................... 10

Defendant Israel Discount Bank of New York ("IDBNY"), by its attorneys, Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., submits this memorandum of law in support of its motion to dismiss Counts Four and Five of plaintiff Theodore Itzkowitz's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) because those Counts have been rendered moot and therefore there is no controversy to adjudicate as to them. IDBNY also moves to dismiss Count Three pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiff has failed to state a claim upon which relief may be granted.

## PRELIMINARY STATEMENT

This action arises from a dispute regarding plaintiff's termination as IDBNY's General Counsel. Three counts of plaintiff's Complaint are at issue here: Count Three purports to state a breach of contract claim against IDBNY based upon its alleged failure to pay plaintiff a bonus in 2005. This claim fails as a matter of law because plaintiff's failure to allege a mandatory bonus or a Labor Law violation disentitles him to relief. Plaintiff alleges in Counts Four and Five that IDBNY failed to provide him with forms and benefits for certain employee benefit plans. IDBNY discharged is obligation to provide all information to plaintiff and asked him to withdraw these counts. Plaintiff refused, stating that he intended to pursue these counts in the event "issues" arise in the future. This Court lacks subject matter jurisdiction over moot claims and, therefore, these claims should also be dismissed.

## STATEMENT OF FACTS

Because this Court will first address its subject matter jurisdiction once it is called into question, IDBNY[1] will likewise first address its contention that two of plaintiff's

---

[1] Plaintiff makes blunderbuss assertions in his Complaint as to all of the named defendants. Plaintiff cannot assert the claims in Count Three against any defendants other than IDBNY because plaintiff does

causes of action are now moot and, therefore, there is no case or controversy for judicial resolution.

Plaintiff alleges in the Fourth Count that he is entitled to certain benefits under the IDBNY Deferred Compensation Plan (Complaint, ¶ 65). He alleges that, as of the date of the Complaint, no transfer of his deferred compensation had been made to him (Complaint, ¶ 62). He further alleges that, upon oral inquiry, he was told that IDBNY would not be transferring those funds until IDBNY's auditors completed their work (Complaint, ¶ 63). Plaintiff alleges that "despite demand" he has never been provided with forms to make a claim for benefits under this plan (Complaint, ¶ 64).

Mr. Itzkowitz was terminated from IDBNY in September 2006. As a result, any determination regarding benefits to which he was entitled under the Deferred Compensation Plan and Pension Plan could not be made until after the close of the year on December 31, 2006 (Declaration of Susan Rinaldi, dated July 6, 2007 (hereinafter the "Rinaldi Decl."), at ¶ 9).[2]

IDBNY has retained the firm of Watson Wyatt as its pension actuary. Watson Wyatt performs the necessary financial analysis regarding benefits to which terminated employees are entitled. Upon the close of the year on December 31, 2006, IDBNY provided Watson Wyatt with the list of employees terminated during 2006 as well as salary information (Rinaldi Decl., ¶ 10).

---

not allege that these other entities employed him. While it is unclear against which entities plaintiff asserts the claims in Counts Four and Five, and while it is unclear whether the Plans should even have been named defendants in this action, this motion should be construed as applying to each of the respective legal entities that would bear liability in the event plaintiff prevailed on this claims.

[2] Unlike motions pursuant to Fed. R. Civ. P. 12(b)(6), the Court may consider affidavits and other extrinsic evidence in deciding whether it has subject matter jurisdiction over a claim pursuant to Fed. R. Civ. P. 12(b)(1). *Kamen v. AT&T*, 791 F.2d 1006, 1011 (2d Cir. 1986); *Harrison v. Potter*, 323 F. Supp. 2d 593, 598 (S.D.N.Y. 2004).

With respect to the benefits under the Deferred Compensation Plan, once IDBNY receives certain information regarding the interest rate to be applied to those benefits (i.e., the Return on Equity rate or LIBID rate), IDBNY provides that information to Watson Wyatt so that Watson Wyatt can perform the calculations (*Id.*). Ms. Rinaldi, who is responsible for administering these plans, did not receive the interest rate information until March 26, 2007 (*Id.*). She in turn provided this information to Watson Wyatt. As soon as IDBNY received the calculation information from Watson Wyatt, IDBNY provided the Deferred Compensation Plan Statement of Benefits to plaintiff on June 1, 2007 (Rinaldi Decl., ¶ 10, Ex. A (June 1, 2007 letter from Susan Rinaldi to Theodore Itzkowitz). As a result, the information Mr. Itzkowitz requested simply could not be provided until Watson Wyatt completed its calculations (Rinaldi Decl., ¶ 10).[3]

On June 4, 2007, counsel for IDBNY requested that plaintiff voluntarily withdraw the Fourth Count of the Complaint because IDBNY would provide plaintiff with the information once IDBNY received the information from Watson Wyatt (Rubin Decl., ¶ 2, Ex. A (June 4, 2007 letter from Jennifer Rubin to Eve Rachel Markewich)). In response, plaintiff's counsel indicated that she would consider the request (Rubin Decl., ¶ 3). On June 14, 2007, counsel repeated the demand that this Count be withdrawn given that it was clearly moot (Rubin Decl., ¶ 4, Exhibit B (June 14, 2007 letter from Jennifer Rubin to Eve Rachel Markewich)). Counsel for plaintiff responded that she would not withdraw the Fourth Count because "until [plaintiff] receives his entitlement under the Plans, valid claims exist" (Rubin Decl., ¶ 5, Ex. C (June 27, 2007 letter from Eve Rachel Markewich to Jennifer B. Rubin)).

---

[3] On July 2, 2007, IDBNY received information from Watson Wyatt confirming the payout amount to Mr. Itzkowitz for the Deferred Compensation Plan. His benefits under the Deferred Compensation Plan will be paid to him on August 2, 2007 (Rinaldi Decl., ¶ 11).

3

Plaintiff also purports to bring a claim under the IDBNY Pension Plan in the Fifth Count of the Complaint, claiming that, like the Deferred Compensation Plan, IDBNY failed to provide him with "appropriate forms" to make an election for early retirement benefits (Complaint, ¶ 73). He also alleges that he is entitled to "immediate payment" of early retirement benefits and the bank's failure constitutes "arbitrary and capricious conduct" (Complaint, ¶¶ 74-75).

Like the calculation of benefits under the Deferred Compensation Plan, IDBNY was required to wait for Watson Wyatt to complete its analysis regarding the benefits for which Mr. Itzkowitz was eligible under the Pension Plan (Rinaldi Decl., ¶ 12). On June 1, 2007, IDBNY provided plaintiff with a summary of information regarding his vested retirement benefits under the Pension Plan (Rinaldi Decl., Ex. A). Because Mr. Itzkowitz was a top-25 paid employee of IDBNY, and because the funded current liability percentage for the pension was less than 110% of its value, applicable pension regulations subject him to restrictions on the issuance of a lump sum distribution in 2007.[4]

IDBNY notified Mr. Itzkowitz of this restriction in Ms. Rinaldi's June 1 correspondence (Rinaldi Decl., Ex. A). She also informed him in that same correspondence that if the 2007 funding valuation produced a funded current liability of 110% or greater, the restrictions will be lifted (*Id.*). IDBNY expects that the funding determination as to the Pension Plan will be made by the end of this month (Rinaldi Decl., ¶ 12).

---

[4] An employee will be treated as a "restricted employee" if he is one of the 25 (or a larger number chosen by the employer) nonexcludable employees and former employees of the employer with the largest amount of compensation in the current or any prior year. *See* Treasury Regulation § 1.401(a)(4)-5(b). Mr. Itzkowitz is such a "restricted employee" and was so notified on June 1, 2007 (Rinaldi Decl., Exhibit A).

4

As with the claim under the Deferred Compensation plan, IDBNY asked plaintiff to withdraw his claim regarding the Pension Plan given that he had received all information to which he was entitled (Rubin Decl., ¶¶ 2-4; Exs. A-C). Plaintiff refused to withdraw the claim.

Once informed that he would not be entitled to withdraw the funds outright, plaintiff asked IDBNY to accommodate his request to withdraw the funds by posting collateral to secure these amounts (Rinaldi Decl., ¶ 13; Rubin Decl. ¶ 6, Ex. D (June 26, 2007 e-mail from Jennifer Rubin to Lawrence M. Rosenstock)). As provided in IDBNY's Pension Plan, in the event an individual such as plaintiff is prohibited from withdrawing funds, an agreement may be put in place to secure repayment to the Plan of any funds withdrawn (Complaint, Ex. 4, Section 9.03(c)). But by no means is the Plan Administrator required to reach this agreement. Any proposal to collateralize the funds must be acceptable in all respects to the Plan Administrator (*Id.*). Despite having no obligation to assist plaintiff in this regard, IDBNY has agreed to consider this request (Rubin Decl., ¶ 6; Ex. D).[5]

IDBNY has fulfilled its obligations to provide plaintiff with information regarding the benefits to which plaintiff is entitled. There is no case or controversy for resolution, plaintiff's claims under Counts Four and Five are moot, and they must be dismissed for lack of subject matter jurisdiction.

Unlike this Court's consideration of IDBNY's motion to dismiss Counts Four and Five, the motion to dismiss Count Three for failure to state a claim for breach of contract

---

[5] In fact, IDBNY informed plaintiff that its retirement committee was meeting at the end of July to consider whether IDBNY would be in a position to fund the pension at sufficient amounts to lift the restrictions, and thus obviate the need to enter into an arrangement regarding the posting of suitable collateral (Rinaldi Dec., ¶ 12; Rubin Decl., ¶ 6, Ex. D). Plaintiff responded to IDBNY's suggestion by sending a draft agreement for the posting of collateral (Rinaldi Decl., ¶ 13).

5

and for damages under the New York Labor Law based on Fed. R. Civ. P. 12(b)(6) will be limited to a review of the allegations in the Complaint. Plaintiff alleges that, in or about November 2005, IDBNY Human Resources advised him that he would be receiving a bonus in the amount of $135,000 for the year 2005 (Complaint, ¶ 46). Plaintiff alleges that IDBNY failed to pay him this bonus (Complaint, ¶¶ 10, 48). Plaintiff does not allege that he was entitled to a bonus pursuant to any agreement nor that the bonus was unconditional. Plaintiff does not -- because he cannot -- assert such a claim because plaintiff is fully aware that the claimed bonus was wholly discretionary. Plaintiff makes no allegations in his Complaint (nor can he) that IDBNY violated any provision of the New York Labor Law. Yet he purports to bring a claim against IDBNY for breach of contract and for damages under the New York Labor Law. That claim likewise must be dismissed.

## ARGUMENT

### A. Plaintiff's Fourth And Fifth Causes Of Action Are Moot Because Defendant Has Already Provided Plaintiff With The Relief He Seeks

When subject matter jurisdiction is questioned pursuant to Fed. R. Civ. P. 12(b)(1), the Court will consider the jurisdictional challenge first because, "in the absence of subject matter jurisdiction, the Court need not, indeed, is unable to, address other defenses or issues." *Headen v. Sullivan*, No. 91 CIV. 5817 (KMW), 1992 WL 471168, at *2 (S.D.N.Y. Sept. 8, 1992), citing, *Rhulen Agency, Inc. v. Alabama Insurance Guaranty Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990), citing *Bell v. Hood*, 327 U.S. 678, 682 (1946) (Rubin Decl., Ex. E).

A claim of mootness presents a challenge to the subject matter jurisdiction of the Court. "Federal courts lack jurisdiction to hear moot cases because such cases do not

6

meet the 'case or controversy' requirement of Article III of the Constitution." *Headen*, 1992 WL 471168, at *2, citing *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Mosley v. Hairston*, 920 F.2d 409, 414 (6th Cir. 1990); *Air Line Pilots Ass'n v. UAL Corp.*, 897 F.2d 1394, 1396-97 (7th Cir. 1990). An action is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.*, quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 396 (1980); *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Because IDBNY has already provided plaintiff with the relief he seeks in Counts Four and Five of his Complaint, no "live" controversy exists, and this Court therefore lacks subject matter jurisdiction over these claims.

Plaintiff alleges that IDBNY "never" provided him with forms to make an administrative claim for benefits under the Deferred Compensation Plan (Complaint, ¶ 64). These allegations are wholly untrue as of this date. Plaintiff has been provided with all information necessary for him to make a claim for benefits under this plan and in fact, he will receive payment on August 2, 2007 (Rinaldi Decl., ¶¶ 6, 11). In spite of this, plaintiff has unreasonably refused to withdraw this baseless claim (Rubin Decl., ¶ 5; Ex. C).

Plaintiff's claims relating to the Pension Plan are equally moot. Plaintiff wrongly claims that IDBNY "has failed to provide [him] with his early retirement benefits" (Complaint, ¶ 72) and "has failed to provide [him] with appropriate forms to make an election to elect early retirement benefits in a lump sum" (Complaint, ¶ 73). To the contrary, plaintiff was informed that because he is a top 25 paid employee, he is subject to restrictions imposed by pension regulations on the issuance of lump sum payments in

2007 (Rinaldi Decl., ¶ 12; Ex. A). Plaintiff was also informed that the restrictions may be lifted but IDBNY would not be in a position to address that issue until the end of this month (Rinaldi Decl. ¶ 12). Nonetheless, IDBNY has agreed to consider allowing plaintiff to post collateral to allow him to take an advance on his early retirement benefits even though it is under no obligations to do so (Rubin Decl., Ex. D). Despite all these facts, plaintiff has refused to withdraw his meritless claims under the Pension Plan (Rubin Decl., ¶ 5; Ex. C).[6]

Where a party has received all relief for which he complains, there is no cognizable cause of action that constitutes a "case or controversy" subject to adjudication. *See, e.g., Headen,* 1992 WL 471168, at *2 (plaintiff's claim considered moot because an examination of his social security benefits confirmed that he received all the relief requested in his Complaint); *Burton v. Bowen,* 815 F.2d 1239, 1241 (8th Cir. 1987) (social security action seeking payment of benefits was rendered moot where payment of those benefits were already made); *Lopez v. Sullivan,* 882 F.2d 1533, 1537 (10th Cir. 1989) (earlier appeal mooted in most respects by award of disability benefits).

Plaintiff has received all of the relief he seeks in Counts Four and Five of his Complaint. Because nothing remains for adjudication as to these counts, this Court lacks subject matter jurisdiction over them and they should be dismissed.

### B.  Plaintiff Has Failed to State Both a Contract Claim and a Wage Claim as a Matter of Law

Plaintiff has failed to state a claim in Count Three of his Complaint for breach of contract or a violation of the New York Labor Law. Unlike IDBNY's motion to dismiss

---

[6] The response of plaintiff's counsel that she will not withdraw these claims because "issues may arise in the future" frankly calls into question the Fed. R. Civ. P. 11 obligations. The only "issues" to be resolved are the ones in plaintiff's Complaint. If those claims lack merit and yet plaintiff (who himself is a lawyer) continues to pursue them, sanctions may be appropriate under the circumstances.

Counts Four and Five, this Court will limit its review of this portion of IDBNY's Rule 12 motion to the four corners of plaintiff's Complaint. *Salamea v. Macy's East, Inc.*, 426 F. Supp. 2d 149, 155 (S.D.N.Y. 2006), quoting *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985)); *Davey v. Jones*, Civ. No. 06CV4206, 2007 WL 1378428, at *2 (S.D.N.Y. May 11, 2007) (Rubin Decl. Ex. F). The allegations here are legally insufficient to sustain plaintiff's breach of contract and Labor Law claims, and, therefore Count Three must be dismissed.

      1.    Plaintiff Cannot State a Claim for Breach of Contract to Pay a Discretionary Bonus

Plaintiff alleges that he is entitled to a $135,000 bonus for his services for the year 2005 (Complaint, ¶¶ 46, 53). Under New York law, a court will refuse to enforce an oral agreement for a discretionary bonus in exchange for past services performed because such an agreement is not supported by consideration. *Tierney v. Capricorn Investors, L.P.*, 189 A.D.2d 629, 631 (N.Y. App. Div. 1993) (oral agreement to provide a discretionary bonus to a former employee was not supported by consideration because there was no promise to do that which the promisor was already bound to do) (Rubin Decl. Ex. G); *Clark v. Bank of New York*, 185 A.D.2d 138, 140-41 (N.Y. App. Div. 1992) (oral promise to pay discretionary performance bonus unenforceable because the promise was solely based upon past consideration and its purpose was to reward for work already performed) (Rubin Decl. Ex. H); *Brennan v. J.P. Morgan Securities, Inc.*, No. 602720/03, 2004 WL 3314910, at *2 (N.Y. Sup. Ct. Aug. 31, 2004) (an employee has no enforceable right to compensation under a discretionary compensation or bonus plan) (Rubin Decl., Ex. I).

Plaintiff did not and cannot allege that he was entitled to a bonus pursuant to an

agreement or that the bonus was otherwise unconditional. His allegation that IDBNY advised him that he was going to receive a $135,000 bonus amount for the year 2005 (Complaint, ¶¶ 46-47), even if true, is not an enforceable contractual commitment because it is unsupported by consideration. Because plaintiff does not allege that this bonus was attributable to anything other than past services, the Court should dismiss Count Three.

        2.      <u>Plaintiff Cannot State a Claim under the New York Labor Law</u>

Plaintiff has also failed to assert a substantive claim under the New York Labor Law. There is no wage claim under the Labor Law absent proof that the remuneration owed constitutes a "wage" under the Labor Law. *See Carlson v. Katonah Capital, LLC*, No. 602831/05, 2006 WL 273548, at *2 (N.Y. Sup. Ct. Jan. 27, 2006) (a successful wage claim "depends first on whether the [bonus pay] falls under the [Labor Law's] definition of earned wages") (Rubin Decl., Ex. J). The term "wage" as defined under Labor Law § 190(1), which includes "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis," has been interpreted to exclude discretionary additional remuneration. *Truelove v. Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220, 223-25, 738 N.E.2d 770, 715 N.Y.S.2d 366 (2000) (explicitly excluding incentive compensation from the definition of "wages" under the Labor Law) (Rubin Decl., Ex. K). Further, even if the definition of "wages" included incentive compensation, an employee must still have a contractual right to those wages, and without such a right, a wage claim will fail. *Tierney*, 189 A.D.2d at 632 (plaintiff cannot assert a Labor Law claim for wages if he has no enforceable right to those wages); *Kaplan v. Capital Co. of Am. LLC*, 298 A.D.2d 110, 111 (N.Y. App. Div. 2002) (same) (Rubin Decl., Ex. L).

Contrary to plaintiff's conclusory legal allegation (Complaint, ¶ 51), a discretionary bonus does not constitute a "wage" under the New York Labor Law.[7] And because plaintiff cannot assert a substantive wage claim, he may not recover damages pursuant to § 198 of the Labor Law. *Gottlieb v. Kenneth D. Laub & Co., Inc.*, 82 N.Y.2d 457, 464, 626 N.E.2d 29, 605 N.Y.S.2d 213 (1993) (plaintiff cannot recover attorneys' fees and liquidated damages under § 198 where he asserts a common-law contract claim, but fails to properly assert a claim under a substantive Labor Law provision) (Rubin Decl., Ex. M); *See also Simpson v. Lakeside Engineering, P.C.*, 26 A.D.3d 882, 883 (N.Y. App. Div. 2006) (same) (Rubin Decl., Ex. N); *Monagale v. Scholastic, Inc.*, 2007 WL 766282, at *2 (S.D.N.Y. Mar. 9, 2007) (citing *Gottlieb* for proposition that "§ 198 provides no substantive cause of action at all; it is a remedial provision authorizing recovery of costs and attorneys' fees to plaintiffs who recover on claims brought under other provisions of the Labor Law") (Rubin Decl., Ex. O).; *Gleason v. U.S. Dep't of Homeland Security*, No. 06 Civ. 13115DLC, 2007 WL 1597955, at *3 n.5 (S.D.N.Y. Jun. 1, 2007) (Labor Law § 198 applies only to claims based upon substantive violations of New York Labor article 6) (Rubin Decl., Ex. P).. Therefore, the Court should also dismiss plaintiff's claim for additional damages pursuant to § 198 of the Labor Law.

---

[7] A court is never required to accept a legal conclusion in a complaint as true. 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61-62 ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Estate of Morris ex rel. Morris v. Dapolito*, 297 F. Supp. 2d 680, 685 (S.D.N.Y. 2004) (Koeltl, J.) (same); *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir.), *cert. denied*, 513 U.S. 1079, 115 S. Ct. 728 (1994) ("the well-pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of fact are not admitted").

11

## CONCLUSION

For the foregoing reasons, Defendant Israel Discount Bank of New York respectfully requests that the Court grant its motion to dismiss Counts Four and Five pursuant to Fed. R. Civ. P. 12(b)(1) and Count Three pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: New York, New York
      July 9, 2007

                                      Respectfully submitted,

                                      MINTZ LEVIN COHN FERRIS
                                      GLOVSKY and POPEO, P.C.

                                      By: _____
                                                Jennifer B. Rubin (JR 3221)
                                                Michael Arnold (MA 8541)
                                                The Chrysler Center
                                                666 Third Avenue
                                                New York, NY 10017
                                                Tele:(212) 935-3000
                                                Fax:(212) 983-3115

                                                *Attorneys for Defendants*