UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

THEODORE ITZKOWITZ,

           Plaintiff,

ISRAEL DISCOUNT BANK OF NEW YORK,
ISRAEL DISCOUNT BANK OF NEW YORK
SEVERANCE PLAN FOR SPECIFIED
EXECUTIVES, ISRAEL DISCOUNT BANK OF
NEW YORK SEVERANCE PLAN, and ISRAEL
DISCOUNT BANK OF NEW YORK DEFERRED
COMPENSATION PLAN, and PENSION PLAN
FOR EMPLOYEES OF ISRAEL DISCOUNT
BANK OF NEW YORK

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No. 07 CV 3783 (JGK)

**PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS COUNTS 3, 4 AND 5 OF THE COMPLAINT**

MARKEWICH AND ROSENSTOCK LLP
8 East 41st Street, Fifth Floor
New York, New York 10017
(212) 542-3156

## TABLE OF CONTENTS

**Page**

Preliminary Statement ................................................................. 1

Argument ................................................................................ 2

POINT I    Counts Four and Five Are Not Moot Because,
           To Date, Itzkowitz Has Not Been Paid Benefits
           Due Under the Pension Plan or the Deferred
           Compensation Plan ..................................................... 2

The Deferred Comp Plan ............................................................ 3

The Pension Plan ...................................................................... 4

POINT II   Count Three States a Valid Cause of Action ..................... 6

Conclusion ............................................................................... 9

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Brennan v. J.P. Morgan Securities,* 7 Misc. 3d 1013(A), 801 N.Y.S.2d 230 (Sup Ct. NY 2004) .......................................................................... 8
*Brennan v. Morgan* ................................................................................ 7
*Carlson v. Katonah Capital, LLC,* 10 Misc.3d 1076(A), 814 N.Y.S2d 889 (NY Sup. 2006) ............................................................................. 7
*Cress v. Wilson,* WL 1686687 (S.D.N.Y. 2007, Koeltl, J.) .................... 9
*Fiorenti v. Central Emergency Physicians, PLLC,* 187 Misc.2d 805, 723 NYS 2d 851 (Sup. Ct. Nassau Co. 2001), rev'd on other grounds 305 AD 2d 453 (2d Dep't 2003). ............................................................. 9
*Harden v. Warner Amex Cable Communications Inc.,* 642 F. Supp. 1080 (S.D.N.Y. 1986) ............................................................................ 6
*Mirchel v. RMJ Securities Corp.,* 205 A.D.2d 388 (1st Dept. 1994) ...... 6
*Miteva v. Third Point Management Co., LLC,* 323 F.Supp.2d 573 (S.D.N.Y. 2004) ................................................................................. 8
*Simpson v. Lakeside Engineering P.C.,* 26 A.D. 3d 882, 809 N.Y.S.2d 710 (4th Dept. 2006) ........................................................................ 7
*Tierney v. Capricorn Investors* and *Brennan v. J.P. Morgan Securities*. 6
*Truelove v. Northeast Capital & Advisory, Inc.,* 95 N.Y.2d 220 (2000) 8
*Weiner v. Diebold,* 173 A.D.2d 166 (1st Dept. 1991) ...................... 6,7

**Statutes**

NY Labor Law §193 ........................................................................ 2,5,6

29 U.S.C. 1132(g) ............................................................................. 2,6

NY Labor Law §190 ............................................................................. 8

Itzkowitz.AnsBrOppMoDismiss

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

THEODORE ITZKOWITZ,

            Plaintiff,

ISRAEL DISCOUNT BANK OF NEW YORK,
ISRAEL DISCOUNT BANK OF NEW YORK
SEVERANCE PLAN FOR SPECIFIED
EXECUTIVES, ISRAEL DISCOUNT BANK OF
NEW YORK SEVERANCE PLAN, and ISRAEL
DISCOUNT BANK OF NEW YORK DEFERRED
COMPENSATION PLAN, and PENSION PLAN
FOR EMPLOYEES OF ISRAEL DISCOUNT
BANK OF NEW YORK

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No. 07 CV 3783 (JGK)

**PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS COUNTS 3, 4 AND 5 OF THE COMPLAINT**

**PRELIMINARY STATEMENT**

Itzkowitz' employment by Israel Discount Bank ("IDB") or (the "Bank") was terminated on or about September 18, 2006. Since that time, IDB, in conjunction with various benefit plans sponsored by IDB (the "Plans"), has steadfastly refused to pay Itzkowitz any of the myriad benefits to which he is entitled, ultimately forcing Itzkowitz to resort to this Court for remediation. Only after this action was commenced – in fact a mere three days before their answer to the complaint was due – did IDB or any of the Plans take any action to comply with their contractual obligations. Whether IDB or the

Plans actually do meet their obligations to Itzkowitz remains to be seen, but even if they do so, pursuant to the protections and remedies under ERISA, Itzkowitz is entitled to costs and attorneys fees necessarily incurred in forcing defendants to fulfill their duties.

## ARGUMENT

### POINT I

**Counts Four and Five Are Not Moot Because, To Date, Itzkowitz Has Not Been Paid Benefits Due Under the Pension Plan or the Deferred Compensation Plan**

Counts Four and Five of the Complaint, respectively, seek payment of benefits due Itzkowitz under the IDBNY Deferred Compensation Plan and Pension Plan. Defendants admit such benefits have not been paid, but aver that, after the Complaint was served, they provided Itzkowitz with necessary documents he had previously requested to assert his claim. (Rinaldi Declaration, ¶¶6, 11; Def. Br. p. 7)

Defendants admit monies are due. Defendants admit monies have not been paid. (Id.) Since the admitted debt has not been paid, the Counts are not moot, although the claims must be decided in favor of Itzkowitz, since defendants admit that money owed has not been paid, and payment of that money is the ultimate relief sought in the Complaint. Moreover, since the claims apparently will be successful, Itzkowitz is entitled to statutory costs and fees. 29 U.S.C. 1132(g).

-3-

## **THE DEFERRED COMP PLAN**

Defendants assert, in conclusory fashion, that they are excused from having delayed the provision of information or payment to Itzkowitz of his benefits under the Deferred Comp. Plan because "any determination... could not be made until after the close of the year on December 31, 2006." (Rinaldi Declaration ¶ 9)  However, nothing in the Plan provides that determination of amounts due must wait until after the end of the year in which employment is terminated, and the Bank provides no explanation why such determination, in any event, took six months after the close of the year.  Significantly, the Bank does not deny that, despite demand, Itzkowitz was never even provided with the forms to make a claim for benefits under the Deferred Comp. Plan, or to elect the manner in which he wanted to take his distribution, although such forms were requested more than once, including by letter dated April 9, 2007 from Itzkowitz' attorney. (Complaint ¶ 64; Declaration of Eve Rachel Markewich, Ex. 1).

The bottom line – and that is, after all, what is at issue here – is that Itzkowitz is contractually entitled to benefits under the Deferred Compensation Plan, and ten months after termination of his employment he still has not received the payments.  Moreover, Itzkowitz was required to sue to achieve any activity, at all, on the part of the Bank to provide him with any information regarding the payments to which he is entitled.

If, and only if, Itzkowitz receives his entitled benefits, then the claim for the underlying benefits may become moot. Until then, and until a determination is made regarding the payment of costs and legal fees due Itzkowitz because he was forced to commence this action, see 29 U.S.C. 1132(g)., the claim remains viable.

## **THE PENSION PLAN**

Count Five of the Complaint demands payment to Itzkowitz of monies due him under the Pension Plan. Pursuant to the Plan, the Bank was obligated to provide Itzkowitz with appropriate forms to make an election for early retirement benefits in a lump sum. (Complaint, ¶ 69). The Bank failed to provide those forms, despite Itzkowitz' demand. (Complaint ¶ 73; Markewich Declaration, Ex. 1).

Once again, the Bank asserts, without basis, that it "was required to wait for [its actuaries] to complete its analysis regarding the benefits for which Mr. Itzkowitz was eligible under the Pension Plan." (Rinaldi Declaration ¶ 12). Once again, there is no provision in the Plan that requires that the Bank wait for such an analysis, and there is no explanation as to why the analysis took so long.

According to Rinaldi, on June 1 – after the Complaint was filed – the Bank informed Itzkowitz that because he was a "top 25 paid employee of IDBNY, and because the funded current liability percentage for the pension was less than 110% of its value", restrictions apply to distribution to him of

lump sum benefits. (Id.) The Plan provides, clearly, that if a Plan participant elects a lump sum payment, and the Plan is not funded at 110%, then the participant is required to provide security for a possible disgorgement in the future. After service of the instant Complaint, IDB provided Itzkowitz with information regarding his pension benefits, and advised him that the Plan was not funded at 110%. (See Markewich Declaration, Ex. 2).

Those materials also specifically provide that Itzkowitz was entitled to receive his lump sum benefits if he provided the Bank with a pledge of his IRA. (Markewich Declaration, Ex. 2). Itzkowitz did provide the Bank with such a pledge and, still, the Bank has refused to pay him his entitled benefits and, in fact, has taken the position that the Bank is not required to arrange for the lump sum payment upon provision of a pledge. (See Rubin Declaration, Ex. C, D.)

As with the claim under Count Four, Count Five of the Complaint is adequately pleaded.

The defense of mootness fails, because defendants have not, and can not, assert that they have paid the monies due under either the Pension Plan or the Deferred Comp Plan. In fact, defendants have not even asserted that they intend to pay the monies due under the Pension Plan by a date certain. Since Itzkowitz can not deposit the Plans' and the Bank's promises into his bank account, both Counts Four and Five remain viable, and they should not

be dismissed on account of mootness. Moreover, since the Bank failed to provide adequate administrative procedures for Itzkowitz to obtain information regarding his benefits, Itzkowitz was forced to commence this action, and thus he is entitled to the costs and attorneys fees incurred in prosecuting this action. 29 U.S.C. 1132(g)

## POINT II

### Count Three States a Valid Cause of Action

Count Three avers that Itzkowitz was awarded a bonus for calendar year 2005 in November 2005, and was promised the bonus would be paid to him by a date-certain later that year. (Complaint ¶¶ 46,47) Upon the award of the bonus, it became non-discretionary, and thereby vested in Itzkowitz a contractual interest. *See Weiner v. Diebold*, 173 A.D.2d 166 (1st Dept. 1991); *Harden v. Warner Amex Cable Communications Inc.*, 642 F. Supp. 1080 (S.D.N.Y. 1986); *Mirchel v. RMJ Securities Corp.*, 205 A.D.2d 388 (1st Dept. 1994). Upon non-payment by the promised date, the failure to pay the bonus became an improper deduction of wages, pursuant to Labor Law §193.

The cases cite by IDB are inapposite. Those that purport to stand for the proposition that the bonus was discretionary, and therefore not a contractual obligation, involve unliquidated promises of potential future bonuses, or oral promises modifying written plans. The Court should reject Defendants reliance upon *Tierney v. Capricorn Investors* and *Brennan v. J.P.*

-6-

*Morgan Securities*, cited on page 9 of defendants brief because both cases involved written agreements with a "no oral modification" clause, and the plaintiff sought to enforce an oral agreement outside the written plan; in *Brennan,* the Plan specifically required that the award of the bonus be in writing, as well. Here, there is no allegation that the award of the bonus violated any written plan; nor is there any allegation that the bonus was not awarded.

Once a bonus is earned, it becomes wages and is not subject to forfeiture by the mere whim of the employer. *Weiner v. Diebold.* New York law is clear:

> An employee's incentive compensation may become earned when the employee acquires a vested interest in the incentive compensation and its payment is not conditioned upon some occurrence or left to the discretion of the employer. (*See id.; Mirchel v. RMJ Securities Corp.,* 205 A.D.2d 388, 389-90, 613 N.Y.S.2d 876 [1st Dep't 1994]; *Westheim v. Elkay Industries, Inc.,* 166 A.D.2d 318, 318-19, 560 N.Y.S.2d 779 [1st Dep't 1990]; *Dean Witter Reynolds, Inc. v. Ross,* 75 A.D.2d 373, 381, 429 N.Y.S.2d 653 [1st Dep't 1980]. <u>Bonuses and similar incentive compensation become vested either by contract or when an employer otherwise awards a specified amount of compensation to the employee.</u> (*See Truelove,* 95 N.Y.2d at 223-24, 715 N.Y.S.2d 366, 738 N.E.2d 770; *Mirchel v. RMJ Securities Corp.,* 205 A.D.2d 388, 389-90, 613 N.Y.S.2d 876 [1st Dep't 1994]; *Westheim v. Elkay Industries, Inc.,* 166 A.D.2d 318, 318-19, 560 N.Y.S.2d 779 [1st Dep't 1990]; *Dean Witter Reynolds, Inc. v. Ross,* 75 A.D.2d 373, 381, 429 N.Y.S.2d 653.

*Carlson v. Katonah Capital, LLC,* 10 Misc.3d 1076(A), 814 N.Y.S2d 889 (NY Sup. 2006) *emphasis supplied (*annexed to Defendants' papers as Ex.J.). *See Simpson v. Lakeside Engineering P.C.,* 26 A.D. 3d 882, 809 N.Y.S.2d 710 (4th Dept. 2006) (annexed to Defendants' papers as Ex. N.); *Brennan v.*

*J.P. Morgan Securities,* 7 Misc. 3d 1013(A), 801 N.Y.S.2d 230 (Sup Ct. NY 2004) (annexed to Defendants' papers as Ex. I).

At a minimum, an issue of fact exists as to whether the award, as alleged in the Complaint, was in fact made, when it was made and whether it vested. The cause of action for breach of contract stands.

As to whether there was a substantive Labor Law violation by the Bank, the fact that the Complaint does not specifically address which substantive section of the Labor Law the non-payment violates does not mean there was no allegation of a substantive violation. It simply means the complaint did not cite the particular statutory section. Clearly, there was a Labor Law violation here: Itzkowitz is an employee covered under the Labor Law (*see Miteva v. Third Point Management Co., LLC,* 323 F.Supp.2d 573 (S.D.N.Y. 2004), and the bonus constitutes "wages" under NY Labor Law §190 ("the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis"). Even the case law cited by Defendants confirms that "earned wages, including those that come in the form of bonuses, may not be forfeited (*Weiner,* 173 A.D.2d at 167); *See, e.g. Brennan v. Morgan,* cited at p. 9 of Defendant's brief); *see also Cohen v. Lord, Day & Lord.*

Defendant IDB cites cases such as *Truelove v. Northeast Capital & Advisory, Inc.,* 95 N.Y.2d 220 (2000), (Def. Br. p. 10) for the proposition

-8-

that a bonus does not constitute earned wages under the Labor Law. However, the basis of the exclusion in *Truelove* is that the plan there was one "in nature of a profit-sharing arrangement ... contingent and dependent, at least in part, on the financial success of the business enterprise." 95 N.Y.2d at 223-4. Here, there is no basis to conclude, at this stage, that the bonus was not a merit award, and that it does not constitute earned wages under the Labor Law. *See Fiorenti v. Central Emergency Physicians, PLLC*, 187 Misc.2d 805, 723 NYS 2d 851 (Sup. Ct. Nassau Co. 2001) (merit bonus is not excluded from the definition of wages under the Labor Law) rev'd on other grounds 305 AD 2d 453 (2d Dep't 2003).

In sum, Itzkowitz has pleaded a valid cause of action for breach of contract and, since his bonus is subject to the interpretation that it is earned wages, he has also pleaded a violation of the New York Labor Law, entitling him to statutory damages under Section 198 thereof.

## Conclusion

On a motion to dismiss, the Court is to accept the allegations of the Complaint as true and to make all reasonable inferences in favor of the plaintiff. The Court's task at this juncture is not to weigh the evidence, but merely to determine if the allegations are legally sufficient. *See Cress v. Wilson*, WL 1686687 (S.D.N.Y. 2007, Koeltl, J.). Here, the pleaded causes of action are sustainable, and Defendants should be directed to answer the complaint and participate in a Rule 16 Discovery Conference, forthwith.

Dated: New York, New York
July 23, 2007

**MARKEWICH AND ROSENSTOCK LLP**
*Attorneys for Plaintiff*

By: _____
Eve Rachel Markewich (EM1948)
8 East 41st Street
New York, New York 10017
(212) 542-3156

-10-